IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00969-BNB

TERRY BLEVINS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
JOE ORTIZ, Executive Director, CDOC, and
LARRY REID, Warden, CSP,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 8 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Terry Blevins is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated. He asks for money damages, injunctive relief, and habeas corpus relief. Plaintiff's request that he be awarded earned-time credits from July 2005 until his release from incarceration constitutes a request for habeas corpus relief, and must be asserted in a habeas corpus action pursuant to 28 U.S.C. § 2254 after exhaustion of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims asserted in this action because Mr. Blevins does not allege, and there is no indication, that he has exhausted state court remedies.

The Court must construe the complaint liberally because Mr. Blevins is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Blevins will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Mr. Blevins attacks his classification (claim one), the forfeiture of his property (claim two), and various conditions of his confinement (claim three). Because his handwriting is so difficult to read, the Court is unsure of the details of each claim. In the amended complaint he will be ordered to file, Mr. Blevins should print his complaint clearly so that it is easy to read.

Mr. Blevins may not sue the DOC for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh

Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, to the extent Mr. Blevins seeks money damages, the DOC is an improper party to this action.

Mr. Blevins also must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Joe Ortiz, DOC executive director, or Larry Reid, Colorado State Penitentiary warden, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, Mr. Blevins fails to demonstrate that he has exhausted his claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739

(2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Blevins is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Blevins must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Blevins has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Blevins and to all inmates, *see* DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance

4

procedure has been exhausted. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Mr. Blevins' allegations regarding his efforts to exhaust the DOC's administrative grievance procedure are nearly illegible. He fails either to attach copies of administrative proceedings or describe their disposition with specificity and legibility. Therefore, Mr. Blevins will be ordered to show cause why the complaint should not be dismissed for failure to demonstrate exhaustion of the DOC's three-step administrative grievance procedure.

Finally, Mr. Blevins is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Blevins should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Blevins file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Blevins, together with a copy of this order, two copies of the following form for use in submitting the

amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Blevins submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Blevins fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 18, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00969-BNB

Terry Blevins
Prisoner No. 111164
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 7/18/06

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk