IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00969-BNB

TERRY BLEVINS,

    Plaintiff,

v.

LARRY REID, Warden, CSP,
JOHN DOE #1, "TOM M.," Chairperson, Ad Seg Hearing,
JUDY LINDSEY, Initiating Employee, and
CATHY SLACK, Administrative Head/Director,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 6 - 2006

GREGORY C. LANGHAM
    CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Terry Blevins filed *pro se* on September 27, 2006, a motion for reconsideration asking the Court to reconsider and vacate the Order and Judgment of Dismissal entered on September 21, 2006, and filed on September 22, 2006. The Court must construe the motion for reconsideration liberally because Mr. Blevins is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Blevins filed the liberally construed motion to reconsider within ten

days after the Order and Judgment of Dismissal filed on September 22, 2006. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the second amended complaint and the instant action without prejudice for failure to show cause why the amended complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' (DOC) three-step, administrative-remedy procedure. The reasons for the dismissal are discussed in detail in the order filed on September 22, 2006.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Blevins fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988).

Mr. Blevins does not allege the existence of any new law or evidence, and the Court remains convinced that Mr. Blevins failed to exhaust DOC administrative remedies. Therefore, the motion to reconsider will be denied. If Mr. Blevins wishes to pursue his claims, he may do so after exhausting the DOC's grievance process as to each of his claims. Accordingly, it is

ORDERED that the motion to reconsider submitted *pro se* by Plaintiff Terry Blevins and filed with the Court on September 27, 2006, and which the Court has

treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __6__ day of __Oct__, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00969-BNB

Terry Blevins
Prisoner No. 111164
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  10-6-06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk