IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 06-cv-00969-MSK-KMT

TERRY BLEVINS,

    Plaintiff,

v.

LARRY REID, Warden CSP,
JUDY LINDSEY, Initiating Employee,
CATHY SLACK, Admin. Head/Director,
TOM MISEL, Chairperson Ad-Seg Hearing,
LT. BARR, Gang Coordinator,
JOHN DOE #1, Offender Services,
MR. DAVIDSON, Mental Health,
MR. MARTINEZ, Committee Chairperson Pro-unit Hearing,
MS. GAIL, Programs Mgr. Pro-Unit,
JANE DOE #1, Unknown,

    Defendants

## ORDER

This matter is before the court on "Defendants' Misel, Slack, and Barr's Motion for Protective Order and Stay of Discovery" [Doc. No. 115, filed February 15, 2008]. Plaintiff responded in acquiescence to Defendants Misel and Slack's request and in opposition to Barr's identical request. *See* "Plaintiff's Response to Defendants Misel, Slack and Barr Motion for Protective Order and Stay of Discovery" [Doc. No. 118, filed February 29, 2008].

Defendants note correctly that defendants Reid and Lindsey, having entered the case long before the other defendants, moved for a protective order and a stay of discovery on October 12, 2007 on the grounds that they were entitled to qualified immunity. If applicable, the defense of qualified immunity grants an entitlement not to face the burdens of litigation, including discovery. *Saucier v. Katz*, 533 U.S. 194, 200 (1985). "The privilege is an immunity from suit rather than a mere defense to liability." *Roska v. Peterson*, 328 F.3d 1230, 1239 (10th Cir. 2003).

On December 10, 2007, Magistrate Judge Shaffer granted Defendants Reid and Lindsey's motion for protective order and a stay of discovery. [Doc. No. 98] Such a stay is appropriate under the circumstances of the case as to any defendant asserting a qualified immunity privilege because the "purely legal question" of qualified immunity should be decided before pre-trial discovery is conducted. *Medina v. Cram*, 252 F.3d 1124, 1128-29 (10th Cir. 2001); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (court should resolve the threshold question concerning the applicability of qualified immunity before permitting discovery); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same).

Defendants Misel, Barr, and Martinez were not served by waiver and acceptance until December 18, 2007. All three defendants have asserted in motions to dismiss that they are entitled to qualified immunity. (See Docs. No. 107 and 114). Even though Mr. Barr's motion asserting this privilege was not filed until February 15, 2008, the "threshold issue" is equally applicable to him. There is no legal or factual basis to distinguish Mr. Barr's position on this issue than any of the other defendants.

Therefore, it is ORDERED that "Defendants' Misel, Slack, and Barr's Motion for Protective Order and Stay of Discovery" [Doc. No. 115] is GRANTED. All discovery related to Defendants Misel, Slack and Barr is hereby stayed pending resolution of the pending motions to dismiss.

Dated this 24th day of April, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge