IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00969-MJW-KMT

TERRY BLEVINS,

Plaintiff,

v.

LARRY REID, Warden, CSP, et al.,

Defendants.

---

**ORDER REGARDING
PLAINTIFF'S RULE 15(C) MOTION TO AMEND COMPLAINT
(Docket No. 176)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Before the court is the pro se incarcerated plaintiff's Rule 15(c) [sic] Motion to Amend Complaint (Docket No. 176), which the court has construed as having been brought pursuant to Fed. R. Civ. P. 15(a). Defendants have filed a response. (Docket No. 184). The court has considered the motion and response as well as the court's file and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions, and order.

Plaintiff seeks to amend his pleading to change defendant John Doe #1 to Leonard Vigil. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

Defendants oppose this amendment, claiming the amendment "would be futile for many reasons, chief among them being that the lone claim to which a John Doe could be added is Claim 7, which alleges that Plaintiff's rights were violated when he did not receive advance notification of a July 2007 Pro-unit review hearing." (Docket No. 184 at 1, ¶ 2). Defendants further assert that "Claim 7 is restricted solely to injunctive relief, meaning that if the claim is effective, the Department will have to give more advance notice of in the future for the types of hearings described by Plaintiff. Accordingly, such notice would become a policy of the Department applicable to all employees, not just to Mr. Vigil." (Docket No. 184 at 1, ¶ 3). Furthermore, defendants contend that the "Plaintiff has not requested to amend his complaint to add allegations against Mr. Vigil. Accordingly, the complaint is devoid of any allegations of wrongdoing by Mr. Vigil, and Plaintiff can demonstrate no personal participation by Mr. Vigil in any act or omission that allegedly violated Plaintiff's constitutional rights. . . ." (Docket No. 184 at 1, ¶ 6).

A close review of Judge Krieger's June 12, 2008, Order Granting, in Part, and Denying, in Part, Motions to Dismiss (Docket No. 139) and the operative Complaint (Docket No. 99) shows that John Doe #1 is named not only in Claim 7, but also in Claim 8. Moreover, while Judge Krieger did find that defendants are entitled to qualified immunity on Claim 7 (See Docket No. 139 at 21-22), thereby precluding plaintiff's claim for punitive damages on Claim 7, Judge Krieger further found with respect to Claim 8 that the court could not conclude that the defendants are entitled to qualified immunity. (Docket No. 139 at 22). Furthermore, when summarizing what remained in this action,

Judge Krieger included plaintiff's prayer for punitive damages against John Doe in his individual capacity. (Docket No. 139 at 23). Therefore, this court does not agree with defendants that Claim 7 is the sole claim against John Doe and that dismissal is warranted because the relief remaining against John Doe is injunctive relief.

Another basis for denying the motion to amend raised by defendants is their assertion that "Mr. Vigil would be available to Plaintiff as a witness at a deposition. However, if Mr. Vigil were added as a party, Plaintiff would not be able to serve discovery requests upon him, as he has used all of his discovery requests as contemplated under the scheduling order." (Docket No. 184 at 1, ¶ 5). This court, however, does not find this argument to constitute a basis for denying a motion to amend.

In sum, this court finds no basis for denying the proposed amendment.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Rule 15(c) [sic] Motion to Amend Complaint (Docket No. 176), which the court has construed as having been brought pursuant to Fed. R. Civ. P. 15(a), is granted. Accordingly, the plaintiff's "2nd Amend Prisoner Complaint" (Docket No. 99), which is actually plaintiff's third amended complaint, is amended such that John Doe #1 is now Leonard Vigil. The court will issue a separate order directing service on Mr. Vigil.

Date: December 4, 2008        s/ Michael J. Watanabe
      Denver, Colorado        Michael J. Watanabe
                                   United States Magistrate Judge